IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 APR -2 AM 9: 08

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in trust for registered holders of Long Beach Mortgage Loan Trust 2003-I asset-backed certificates, Series 2003-I,**
Plaintiff,

-vs-

Case No. A-15-CA-16-SS

**FREDERIC GLADLE & BARBARA GLADLE,**
Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Deutsche Bank National Trust Company's Motion to Remand, and in the Alternative, Motion to Dismiss and Brief in Support [#6] and *pro se* Defendants Frederic and Barbara Gladle's Response (With Motion to Amend Counterclaim Under Rule 15A) [#9] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a mortgage foreclosure action concerning the real property located at 512 Ladin Lane, Austin, Texas 78734. Defendants Frederic and Barbara Gladle took out an $870,000.00 home equity loan on the property in 2002 and executed a Note and Deed of Trust in favor of the lender, Long Beach Mortgage Company. The Gladles defaulted on their loan, and the mortgagee, Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of Long Beach



Mortgage Loan Trust 2003-I asset-backed certificates, Series 2003-I (Deutsche Bank), initiated foreclosure proceedings on December 16, 2014, by filing an application for expedited order of foreclosure, pursuant to Texas Rule of Civil Procedure 736, in the 419th District Court of Travis County, Texas. *See* Supplemental State Court Pleadings [#7-1 at 3–9] (Rule 736 Application) at 1. In response, on January 9, 2015, the Gladles removed the action to this Court.

## Analysis

### I.   Motion to Remand—Legal Standard

Any civil action brought in state court over which a federal court would have original jurisdiction may be removed from state to federal court. 28 U.S.C. § 1441(a). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.*

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have diversity jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000.00. *Id.* § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

## II. Application

In its motion to remand, Deutsche Bank argues this Court lacks subject matter jurisdiction over this action and, alternatively, contends the Gladles' counterclaims should be dismissed for failure to state a claim upon which relief may be granted.[1] In their notice of removal, the Gladles assert three bases for subject matter jurisdiction: (1) diversity jurisdiction; (2) federal question jurisdiction; and (3) bankruptcy jurisdiction. Notice Removal [#1] ¶¶ 2, 9. As set forth below, it is clear none of those three bases obtain, and the Gladles' arguments to the contrary, such that they are, are patently meritless. Accordingly, remand is appropriate.

### A. Diversity Jurisdiction

The Gladles' claim this Court may assert diversity jurisdiction can be handily dispatched. As Deutsche Bank points out, diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Both Frederic and Barbara Gladle are citizens of Texas. Notice Removal [#1] ¶ 9(b). As this action was filed in Travis County, Texas, the Gladles are citizens of the state in which this action was brought, and may not remove this case on the basis of diversity under § 1441(b).

---

[1] Further, as Deutsche Bank observes, it is not clear whether an expedited foreclosure proceeding filed pursuant to Texas Rule of Civil Procedure 736 is removable to federal court at all. Rule 736 "does not contemplate an ordinary lawsuit." *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The party seeking to foreclose files an "application," not a petition, and the debtor may file a "response," not an answer. *See* TEX. R. CIV. P. 736.1, 736.5. No discovery is permitted. TEX. R. CIV. P. 736.4. Rule 736 proceedings are designed to adjudicate only one issue: the right of the applicant to obtain an order to proceed with foreclosure under the security instrument. *Id.* To that end, almost no factfinding takes place; the rule contemplates a single hearing during which the court decides whether the applicant has proven "'the grounds for the granting of the order sought.'" *Huston*, 359 S.W.3d at 682 (quoting TEX. R. CIV. P. 736(6)). The court's ultimate order "has no res judicata, collateral estoppel . . . or other effect in any other judicial proceeding" and "is not subject to a motion for rehearing, new trial, bill of review, or appeal." TEX. R. CIV. P. 736.9, 736.8(c). Simply stated, a Rule 736 proceeding is "not intended to be a binding adjudication of the merits of any disputes between a lender and a borrower." *Huston*, 359 S.W.3d at 682. Deutsche Bank raises the issue of removability in its motion to remand, and the Gladles fail to address it. However, given the meritlessness of the Gladles' jurisdictional arguments, the Court need not resolve this question.

**B.     Federal Question Jurisdiction**

Nor may the Court exercise federal question jurisdiction, as this suit does not "aris[e] under" federal law. *See* 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A suit "aris[es] under" federal law within the meaning of § 1331 when it is clear from the face of the well-pleaded complaint either that (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

Deutsche Bank's cause of action is an application for expedited order of foreclosure pursuant to Texas Rule of Civil Procedure 736. Texas law, not federal law, creates that cause of action. Thus, federal question jurisdiction will lie only if Deutsche Bank's right to relief necessarily depends upon resolution of a substantial question of federal law—and it does not. Rather than addressing whether Deutsche Bank's right to relief depends upon resolution of a federal question, the Gladles hang their jurisdictional hat on their counterclaim for fraud, arguing "Deutsche Bank is an imposter, masque[r]ading as a party in interest" whose "filing of these actions . . . gives rise to improper and malicious legal actions in state court, and gives rise to certain federal rights and constitutional rights connected to the property in which De[ut]sche Bank seeks to foreclosure [sic]." Resp. [#9] at 5. The Gladles then request permission to amend their counterclaim "in lieu of remand." *Id.* Even if this argument were coherent, the Supreme Court has "emphatically" ruled counterclaims cannot establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Holmes Grp.,*

*Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002)); *see also DuValWeidmann, L.L.C. v. Inforocket.com, Inc.*, 374 F. App'x 482, 484 (5th Cir. 2010) (unpublished) (citing *Holmes*). Consequently, the Gladles' request to amend their counterclaim is denied.

### C.     Bankruptcy Jurisdiction

Finally, the Gladles claim removal is proper under 28 U.S.C. § 1452, which permits the removal of all civil actions over which a district court has jurisdiction under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a). Section 1334 grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." *Id.* § 1334(b). This argument, too, is unavailing, as the Gladles have failed to identify any pending bankruptcy case to which Deutsche Bank's Rule 736 action is related. *See* Notice Removal [#1] ¶ 4(a). As Deutsche Bank notes, while the Gladles have been parties to several bankruptcy cases, none remain pending, and all were dismissed. *See* Order for Summary Dismissal of Case [#17], *In re: Barbara Lynne Gladle*, No. 07-12051-CAG (Bankr. W.D. Tex. Jan. 16, 2008); Order for Summary Dismissal of Case [#10], *In re: Frederic Alan Gladle & Barbara Lynne Gladle*, No. 07-10570-FRM (Bankr. W.D. Tex. May 21, 2007); Order Dismissing Case [#16], *In re: Frederic Alan Gradle & Barbara Lynne Gladle*, No. 05-18738-FRM (Bankr. W.D. Tex. Jan. 5, 2006). Thus, there is no basis for removal pursuant to the bankruptcy statutes.

### D.     Sanctions

The removal of this case was a sham obviously designed to delay the Rule 736 expedited foreclosure action, as the Gladles had no basis whatsoever to claim a federal forum. That reality is reflected in their pleadings, which repeat meritless and irrelevant arguments rather than addressing the elementary and pertinent jurisdictional issues. This Court has the inherent authority to sanction

bad-faith conduct. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993); *Elliot v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995). The Court finds the Gladles engaged in bad-faith conduct designed to intentionally delay the adjudication of the Rule 736 foreclosure action. The Court therefore SANCTIONS Frederic and Barbara Gladle, who are proceeding *pro se*, in the amount of ONE THOUSAND DOLLARS ($1,000.00), payable to Plaintiff Deutsche Bank as attorney's fees and costs.

## Conclusion

IT IS ORDERED that Plaintiff Deutsche Bank National Trust Company's Motion to Remand [#6] is GRANTED;

IT IS FURTHER ORDERED that Defendants Frederic and Barbara Gladle's Motion to Amend Counterclaim Under Rule 15A [#9] is DENIED;

IT IS FURTHER ORDERED that Defendants Frederic and Barbara Gladle pay as sanctions for their conduct the sum of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) to Plaintiff Deutsche Bank National Trust Company in this cause, payable as attorney's fees and costs;

IT IS FURTHER ORDERED that this case is REMANDED to the 419th Judicial District Court of Travis County, Texas; and

IT IS FINALLY ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the 419th Judicial District Court of Travis County, Texas.

SIGNED this the 1st day of ~~March~~ April 2015.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE